HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MERCHANTS BONDING COMPANY (MUTUAL), a foreign corporation; and MERCHANTS NATIONAL BONDING, INC., a foreign corporation,

Plaintiffs,

v.

KOTA RESOURCES, INC., a Washington corporation; REDTAIL HOLDINGS, LLC, a Washington, limited liability company; DERICK WILLIAMS, individually; OLIVER LEWIS, individually; NATHANIAL AND ANDREA WILLIAMS, individually and their marital community,

Defendants.

Case No. 2:25-cv-00376-RAJ

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS KOTA RESOURCES, INC., REDTAIL HOLDINGS, LLC, DERICK WILLIAMS, NATHANIAL WILLIAMS, AND ANDREA WILLIAMS**

ORDER – 1

## I.   INTRODUCTION

THIS MATTER comes before the Court on the Motion (the "Motion," Dkt. # 24) of Plaintiffs Merchants Bonding Company (Mutual) and Merchants National Bonding Company, Inc. (collectively, "Merchants") for Entry of Default Judgment against Defendants Kota Resources, Inc., Redtail Holdings, LLC, Derick Williams, Nathanial Williams, and Andrea Williams (collectively, the "Named Defendants" or "Indemnitors"). The Motion was supported by the declaration of Jamie Perkins, a Claims attorney at Merchants Bonding Company (Mutual). Dkt. # 25. The Court, having reviewed the Motion, as well as the other pleadings and papers filed in this matter, hereby **GRANTS IN PART** the Motion.

## II.   BACKGROUND

Plaintiffs filed the initial complaint in this matter on February 28, 2025, and subsequently filed an amended complaint for the sole purpose of correcting the spelling of one of the defendants' names. Dkt. ## 1, 13. Plaintiffs timely effected service of the summons and operative complaint on each of the Named Defendants. Dkt. # 19. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)(1) because the amount in controversy exceeds $75,000.00 and the parties are citizens of different states. Dkt. # 13 ¶ 8. The Named Defendants have failed to timely file a responsive pleading or otherwise appear in this matter. Dkt. # 18 at 3. The Clerk of Court entered default against the Named Defendants on June 12, 2025. Dkt. # 20. Merchants now request a default judgment, including costs, attorney fees, and interest. Dkt. # 24 at 5.

## III.   DISCUSSION

Plaintiffs request a default judgment under Federal Rule of Civil Procedure 55(b) and Local Civil Rule 55. Dkt. # 24 at 2. The court's role in reviewing a motion for default judgment is not ministerial. It must accept all well-pleaded allegations of the complaint as fact, except facts related to the amount of damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). Where those facts establish a defendant's liability, the

ORDER – 2

1  court has discretion, not an obligation, to enter a default judgment. *Aldabe v. Aldabe*, 616
2  F.2d 1089, 1092 (9th Cir. 1980); *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d
3  1388, 1392 (9th Cir. 1988). Plaintiffs must submit evidence supporting a claim for a
4  particular sum of damages. *TeleVideo Sys.*, 826 F.2d at 917–18; *see also* Fed. R. Civ. P.
5  55(b)(2)(B). If the plaintiffs cannot prove that the sum they seek is "a liquidated sum or
6  capable of mathematical calculation," the court must hold a hearing or otherwise ensure
7  that the damage award is appropriate. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir.
8  1981). An award of prejudgment interest is discretionary but routinely recognized as an
9  element of complete compensation. *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175
10  (1989).

11  Taking the well-pleaded allegations of the complaint as fact, the Court finds that,
12  on or about October 25, 2019, the Indemnitors executed a General Application and
13  Agreement of Indemnity (the "Indemnity Agreement") in favor of Merchants in
14  consideration for Merchants' issuance of surety bonds on behalf of Redtail, LLC. Dkt # 1
15  ¶¶ 11–12; Dkt. # 1-1. Under the Indemnity Agreement, the Indemnitors jointly and
16  severally agreed to indemnify Merchants against all liability, loss, and expense, including
17  court costs, attorneys' fees, and interest, arising from the issuance of bonds, the
18  enforcement of the Indemnity Agreement, or any claims made thereunder. Dkt. # 1-1 at 2.
19  In reliance on the Indemnity Agreement, Merchants issued the following bonds on behalf
20  of Redtail, LLC: Payment and Performance Bond No. WAC 55864 (with the City of Seattle
21  as oblige), and Payment and Performance Bond No. WAC 55779 (with Snohomish County
22  as oblige). Dkt. # 13 ¶¶ 15–16. The evidence establishes that the Named Defendants are
23  liable for damages resulting from Redtail, LLC's failure to perform its contractual
24  obligations, and the Indemnitors' failure to honor their obligations under the Indemnity
25  Agreement. Dkt. # 25 ¶¶ 5–7. This loss consists of: (1) $1,877,148.56 in payments made
26  on claims against the bonds issued on behalf of Redtail, LLC; and (2) $1,856.40 in unpaid
27  premiums, offset by (3) recoveries totaling $213,829.93. Dkt. # 25 ¶ 7.

28  ORDER – 3

The Indemnity Agreement expressly entitles Merchants to recover attorneys' fees, court costs, prejudgment interest, and other expenses incurred to enforce its terms. Dkt. # 1-1 at 2. Plaintiffs at this time request $33,505.98 in attorneys' fees, costs, and consultant expenses. Dkt. # 24 at 3; Dkt. # 25 ¶ 7. However, this request is deficient insofar as it seeks attorneys' fees without stating a "basis for an award of fees and includ[ing] a declaration from plaintiffs' counsel establishing the reasonable amount of fees to be awarded, including, if applicable, counsel's hourly rate, the number of hours worked, and the tasks performed." LCR 55(b)(2)(C). Plaintiffs have not submitted a declaration sufficiently substantiating the fees request. *See* Dkt. # 25-1 (classifying $33,465.98, purportedly including attorneys' fees, as "Expenses Paid"). Separately, Merchants indicate that they plan to "submit a supplemental application following the Court's entry of default judgment to quantify any additional attorney fees, costs, and prejudgment interest." Dkt. # 24 at 5. Plaintiffs' counsel is ordered to provide the Court with an updated accounting (i) substantiating the $33,465.98 in "attorney fees, costs, and consultant expenses" requested in the Motion; and (ii) detailing the basis for any additional fees, costs, and interest owed (with supporting documentary evidence), within 21 calendar days of this Order, so that judgment may be entered.

## IV.  CONCLUSION

The Court, having reviewed the relevant briefing and the remainder of the record, finds adequate bases for entering default judgment on $1,877,148.56 in payments made on claims against the bonds issued on behalf of Redtail, LLC and $1,856.40 in unpaid premiums, offset by recoveries totaling $213,829.93. Accordingly, the Court hereby finds and **ORDERS**:

(1) Plaintiffs' Motion for Default Judgment, Dkt. #24, is **GRANTED IN PART**. Plaintiffs are awarded $1,665,175.03 in damages.

//

//

ORDER – 4

(2) No later than 21 calendar days from the date of this Order, Plaintiffs will provide the Court with an updated accounting, limited to six (6) pages, which: (i) substantiates the $33,465.98 in "attorney fees, costs, and consultant expenses" already requested; and (ii) details the basis for any additional fees, costs, and interest owed, with supporting documentary evidence.

DATED this 9th day of December, 2025.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 5